JOHN B. SWANTON & *al. versus* JAMES A. CROOKER & *al.*

A petition for partition, which describes the premises as "a parcel of land situate in B., in the county of S., and bounded as follows, viz. : — Beginning at a spruce tree in the wall, near Freeman's field, so called, thence north, sixty-eight degrees west, to N. river, as surveyed by T. B., March 15, 1849, — thence, beginning at said spruce tree and running southerly by the west line of the Freeman field, as now fenced, to low water mark, thence easterly, northerly and westerly to N. river, and by the river to the B. line," is void for indefiniteness, and no valid judgment can be rendered upon it.

Such a petition may be amended at any time before the interlocutory judgment, in the discretion of the Court, but not afterwards; and it will be dismissed, even after the report of the commissioners is made.

ON EXCEPTIONS to the ruling of BARROWS, J.

PETITION FOR PARTITION, in which the premises are described as, — " A parcel of land situate in West Bath, in the county of Sagadahoc, and bounded as follows, to wit : — Beginning at a spruce tree in the wall, near Freeman's field, so called, — thence north, sixty-eight degrees west, to New Meadows river, as surveyed by Timothy Batchelder, March 15th, 1849 ; thence beginning at said spruce tree, and running southerly by the west line of the Freeman field, as now fenced, to low water mark ; thence easterly, northerly and westerly to New Meadows river ; and by the river to the Batchelder line."

After verdict for the petitioners, judgment was entered for partition, and commissioners were appointed. The war-

rant to them followed the petition in the description of the premises. They made their report and the respondents objected to its acceptance; but the presiding Judge overruled the objections and accepted the report, and the respondents excepted.

*W. Gilbert*, for respondents.

*Tallman & Larrabee*, for petitioners.

The opinion of the Court was drawn by

DAVIS, J. — The petition neither states nor refers to any boundaries by which it would be possible to ascertain the premises of which partition is claimed. It would have been dismissed upon motion, demurrer, or plea, as too indefinite for any judgment to be rendered upon it. *Miller* v. *Miller*, 16 Pick., 215. A survey may sometimes be made; but this can be done only when the petition *refers* to the facts by which that which is uncertain may be made certain. The petition in this case can furnish the commissioners no facts, by reference or otherwise, from which they, by a survey or other examination, can find the premises to be divided.

The petition might, in the discretion of the Court, have been amended at any time before the interlocutory judgment.

But it is now too late, unless the verdict is first set aside by consent; for it is uncertain what the judgment would have been upon the petition as amended. The exceptions are sustained; and the motion for the acceptance of the report of the commissioners, and the entry of judgment for partition upon it, must be denied.

When this case was before us upon a former occasion, no copy of the petition was presented; and no question was raised as to its sufficiency.

APPLETON, C. J., KENT, WALTON, DICKERSON and DAN-FORTH, JJ., concurred.